*United States v. Rivera*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of December, two thousand twenty-three.

PRESENT:

> JOHN M. WALKER, JR.,
> REENA RAGGI,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

———————————————————————

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                  No. 22-1098

JAIME RIVERA,

> *Defendant-Appellant*.

———————————————————————

**For Defendant-Appellant:**     Matthew B. Larsen, Assistant Federal Defender, Federal Defenders of New York, Appeals Bureau, New York, NY.

**For Appellee:**     Susan Corkery, Mark E. Misorek, Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Denis R. Hurley, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the May 10, 2022 judgment of the district court is **AFFIRMED**.

Jaime Rivera appeals from a judgment of the district court sentencing him to 220 months in prison and 5 years of supervised release following his guilty plea to firearm-related murder, in violation of 18 U.S.C. § 924(j)(1). Rivera's section 924(j)(1) conviction was predicated on a state-law murder statute, New York Penal Law § 125.25(1), and his sole argument on appeal is that murder under New York law is not a "crime of violence" for purposes of section 924(j)(1) because it can be committed by a culpable omission.

Because Rivera raises this issue for the first time on appeal, we review for plain error. *See United States v. Wernick*, 691 F.3d 108, 113 (2d Cir. 2012). Under the plain-error standard, we have the discretion to correct an error not raised before the district court if there is "(1) [an] 'error,' (2) that is 'plain,' . . . (3) that 'affects substantial rights,' [and] (4) [that] seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Johnson v. United States*, 520 U.S. 461, 467 (1997) (alterations omitted) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)). We find no such error in the district court's judgment.

Under the law of this Circuit, first-degree manslaughter under New York Penal Law § 125.20(1) is categorically a "crime of violence" under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(i), and the Career Offender Sentencing Guideline, U.S.S.G. § 4B1.2(a)(1). *United States v. Scott*, 990 F.3d 94, 99–101 (2d Cir. 2021) (*en banc*), *cert. denied*, 142 S. Ct. 397 (2022). That is because, "whether a defendant acts by commission or omission, in every instance, it is his intentional use of physical force against the person of another that causes death." *Id.* at 123. For that same reason, this Court has already held that murder in the second degree under New York Penal Law § 125.25(1) – whether committed by an affirmative act or omission – is categorically a "crime of violence" under

3

section 924(c). *Stone v. United States*, 37 F.4th 825, 832–33 (2d Cir. 2022), *cert. denied*, 143 S. Ct. 396 (2022). That holding controls here so that we summarily reiterate that New York second-degree murder necessarily involves the use of force and is a "crime of violence" under the elements clause of section 924(c). 18 U.S.C. § 924(c)(3)(A) (defining "crime of violence" as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another").

Rivera does not dispute this conclusion and acknowledges that his arguments on appeal are foreclosed by our precedents in *Scott* and *Stone*. *See* Rivera Br. at 5. He brings this appeal only because "he intends to seek Supreme Court review" given what he perceives as a circuit split on this issue. *Id.* That is certainly his prerogative. Nevertheless, unless the Supreme Court or an *en banc* panel of this Court overturns those precedents, we are – as Rivera himself concedes – "bound by *Scott* and *Stone* to affirm Rivera's conviction." *Id.* at 6.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4